Arthur F. Roeca
David M. Louie
Keith K. Hiraoka
April Luria
_____
Jodie D. Roeca
James R. Ferguson
Brian A. Bilberry
James Shin
Jennifer B. Lyons
Anne Sylvester
Rhonda L. Ching
D. Scott Dodd

Counsel:
Shannon L. Wack

**ROECA, LOUIE & HIRAOKA**
A LIMITED LIABILITY LAW PARTNERSHIP, LLP

900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i  96813-3917

Writer's e-mail:
khiraoka@rlhlaw.com

Telephone:
(808) 538-7500

Writer's Extension No.
513

Facsimile:
(808) 521-9648

RL&H File No.
472-005

November 20, 2006

The Honorable Susan O. Mollway
United States Courthouse
300 Ala Moana Blvd.
Honolulu, Hawai'i  96850

  Re: Feibusch v. Sun Life Assurance Company,
     <u>1:03-CV-265-SOM-LEK, District of Hawai'i</u>

Dear Judge Mollway:

This letter will address the scope of evidence to be considered at trial in the *de novo* review of the record ordered by the Ninth Circuit. It is Sun Life's position that, consistent with the intent of the Ninth Circuit, additional evidence, if any, should be limited to testimony from Dr. Ting (Plaintiff's primary treating physician at the time of the benefit denial) and Dr. Newman (the independent medical examiner).

## I. <u>Issue Presented</u>

Plaintiff seeks judicial review of Sun Life's decision to terminate Plaintiff's long term disability benefits as of July 31, 2002, pursuant to ERISA. Previously, this court applied an arbitrary and capricious review standard and determined that Sun Life's decision was not arbitrary and capricious (*i.e.* that the decision was reasonable). The Ninth Circuit ruled that a *de novo* standard should apply instead and remanded the matter for a bench trial. Under the *de novo* standard, this court is now called upon to determine whether Sun Life's decision was *correct*, not merely whether it was arbitrary and capricious. The fact that this is a *de novo* proceeding does not expand the question before the court in any way; it merely changes the

The Honorable Susan O. Mollway
November 20, 2006
Page 2

judicial review standard to be applied in reviewing Sun Life's determination that Plaintiff was no longer disabled as of July 31, 2002. [1]

## II.     General Background Re Scope of Evidence

A *de novo* judicial review proceeding under ERISA is primarily a "*de novo* review of the record," the "record" being the administrative record previously reviewed by this court.  See, e.g., **Thomas v. Oregon Fruit Products Co.,** 228 F.3d 991, 998 (9th Cir. 2000); **Kearney v. Standard Insurance Co.,** 175 F.3d 1084, 1094-95 (9th Cir. 1999) (*en banc*).  However, under the *de novo* standard, the court does have discretion to determine whether or not to consider additional evidence beyond the administrative record in determining whether or not Sun Life was correct.

The test governing the Court's determination of whether to consider additional evidence is that such evidence should be considered "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." **Thomas,** 228 F.3d at 997; **Mongeluzo v. Baxter Travenol Long Term Dis. Benefit Plan,** 46 F.3d 938, 944 (9th Cir. 1995).  The "circumstances" cited by the Ninth Circuit in this case that might justify consideration of additional evidence are "significant differences and claims of inaccuracy regarding the written statements of the various evaluators in the administrative record." **Feibusch v. Integrated Device Technology, Inc. Employee Benefit Plan,** 463 F.3d 880, 886 (9th Cir. 2006).   Parentheticals following case citations by the Ninth Circuit suggest that "live expert medical

---

[1]     The Ninth Circuit ruled that the substantive question to which *de novo* review should be applied is whether Plaintiff could return to work full-time rather than at least part-time, as previously determined by this court.  **Feibusch v. Integrated Device Technology, Inc. Employee Benefit Plan,** 463 F.3d 880, 886 (9th Cir. 2006).  The administrative record already contains evidence addressing this issue and Drs. Ting and Newman can certainly discuss the issue in more detail if asked to testify.

The Honorable Susan O. Mollway
November 20, 2006
Page 3

testimony" might be helpful "when the credibility of various medical experts is at issue." *Id.*

## III. Scope of Evidence in this Case

At the recent trial re-setting conference with Magistrate Judge Kobayashi, the parties indicated that in advance of trial, it would be helpful for the court to indicate the scope of evidence to be considered. There are two principal reasons why an advance determination is necessary: (1) to the extent the court is considering live medical testimony, the doctors whose opinions are contained in the administrative record are located in California, requiring the court and the parties to determine how the testimony will be presented to the court; and (2) depending on what additional evidence will be considered by the court, additional discovery may be necessary, which discovery may also lead to further evidence at trial.

Sun Life interprets the comments of the Ninth Circuit as suggesting that the District Court consider testimony by doctors whose opinions are already contained in the administrative record. This case turns on the medical evidence regarding the severity of Plaintiff's shoulder condition. In fact, counsel for the parties have conferred and are in agreement that testimony by Dr. Ting (Plaintiff's principal treating physician) and Dr. Newman (independent medical examiner) should be considered by the court to amplify the testimony in their written reports and opinions contained in the record. It is the opinions of these doctors upon whom the parties primarily rely in this case and it is Sun Life's contention that no additional evidence is necessary for the court to conduct its *de novo* review of the record. Indeed, this is likely what the Ninth Circuit had in mind when it suggested that the circumstances that might justify additional evidence involved the "credibility of various medical experts" and that "live expert medical testimony" might be considered by the court.

Plaintiff has indicated that she will attempt to admit substantial additional evidence, including a Social Security Administration decision rendered while this matter was on appeal at the Ninth Circuit; a report by a Dr. Salzberg that was generated after this lawsuit was filed; unspecified testimony by Plaintiff and her

The Honorable Susan O. Mollway
November 20, 2006
Page 4

husband; a vocational report apparently prepared after this lawsuit was filed in connection with Plaintiff's claim for Social Security benefits; and a deposition of a Sun Life employee that was conducted in an unrelated case, which deposition would apparently be offered for the purpose of demonstrating alleged bias. Sun Life contends that this evidence is well beyond the nature of this proceeding and is certainly well beyond what the Ninth Circuit intended on remand.

The precise evidence and Plaintiff's arguments for admission will presumably be discussed in Plaintiff's opening letter brief and will be addressed in more detail in Sun Life's response. However, at this time, Sun Life contends that Plaintiff's evidence exceeds the nature of this proceeding. This is a *de novo* review of the record and *not* a trial de novo where everyone starts from scratch. **Thomas,** 228 F.3d at 998. Unlike a trial *de novo,* a decision to consider additional evidence beyond the administrative record in an ERISA judicial review proceeding must consider the fact that ERISA claims are intended to be resolved administratively and any decision by a court to admit additional evidence must be informed by the "importance of promoting internal resolution of claims and encouraging informal and non-adversarial proceedings." **Quesinberry v. Life Ins. Co. of N. America,** 987 F.2d 1017, 1022 (4th Cir. 1993).[1] This is an ERISA judicial review proceeding, where the court starts with an administrative record and then determines whether additional evidence is necessary to conduct its review of that record. It is entirely appropriate for the court to determine that *no* additional evidence is necessary and it is well within the Court's discretion to limit its review to the written record. In fact, additional evidence is admissible in ERISA judicial review proceedings only where the court determines that such evidence is *necessary* for the court to conduct its review of the benefit determination. **Mongeluzo,** 46 F.3d at 944. Plaintiff's attempt to submit substantial additional evidence in this

---

[1] In **Mongeluzo,** *supra,* the Ninth Circuit adopted the reasoning of the Fourth Circuit in **Quesinberry**. *See* **Mongeluzo,** 46 F.3d at 943-44. *See also* **Feibusch,** 463 F.3d at 886 (citing **Quesinberry** for the proposition that a "district court did not abuse its discretion in considering live expert medical testimony at ERISA bench trial, when medical issue was complex and when payor on policy was also the plan administrator").

The Honorable Susan O. Mollway
November 20, 2006
Page 5

proceeding is directly contrary to the limited nature of this judicial review proceeding and is an attempt to essentially make the administrative record secondary or almost irrelevant. Consideration of such evidence goes far beyond a "*de novo* review of the record" which is the standard applied in the Ninth Circuit.

Plaintiff's attempt to submit substantial additional evidence also ignores the fact that much of this evidence was available to Plaintiff during Sun Life's review and Plaintiff should not be in a position to submit the evidence now for the first time. *See, e.g.,* **Quesinberry,** 987 F.2d at 1027 (one factor to consider in deciding whether additional evidence is necessary to conduct a *de novo* review of the record under ERISA is whether there is "additional evidence that the claimant could not have presented in the administrative process"); **Davidson v. Prudential Ins. Co.,** 953 F.2d 1093 (8th Cir. 1992) (district court did not abuse its discretion in refusing to consider a vocational report in a *de novo* ERISA judicial review proceeding, where the report was never presented to the claim administrator during the administrative review process); **Perry v. Simplicity Engineering,** 900 F.3d 963 (6th Cir. 1990) (district court did not abuse its discretion by refusing to consider evidence that plaintiff was disabled where the plaintiff failed to submit any evidence of his disability to the claim administrator). Certainly any testimony by Plaintiff or her husband in this case regarding her condition as of July 31, 2002 was available to them at that time and could have been submitted to Sun Life. Likewise, Plaintiff could have retained Dr. Salzberg (or any other doctor, for that matter) to render an opinion regarding her condition as of July 31, 2002 and submit it to Sun Life. At the time, she chose to rely on Dr. Ting. Plaintiff also could have acquired a vocational expert opinion and submitted it to Sun Life at the time her claim was under consideration. It would be inappropriate, and contrary to the nature of this ERISA judicial review proceeding, to allow Plaintiff to admit this evidence now when it was not included in the administrative record.

Plaintiff's attempt to admit evidence regarding alleged bias of Sun Life is also not appropriate. The Ninth Circuit specifically held that evidence of any alleged conflict of interest, while it might be relevant in a deferential review case to demonstrate how much deference to extend to Sun Life's decision, is not relevant when the review standard is *de novo*:

The Honorable Susan O. Mollway
November 20, 2006
Page 6

> Because we have concluded that a de novo standard of review applies, we need not reach Feibusch's arguments that abuse of discretion review is improper because of 1) an improper delegation of discretion from IDT to Sun Life, or 2) Sun Life's conflict of interest in being both payor and administrator of benefits. *These issues are only pertinent to an abuse of discretion standard of review.*

*Feibusch,* 463 F.3d at 885 (emphasis added).

Plaintiff's attempt to admit additional evidence also requires substantial discovery and would essentially result in starting this case from scratch. Certainly, Plaintiff, Plaintiff's husband, Dr. Salzberg, and a vocational expert cannot be allowed to testify without Sun Life being permitted to conduct their depositions and the opportunity to obtain rebuttal evidence. Furthermore, if Plaintiff is permitted to submit a decision by a Social Security Administrative Law Judge, then Sun Life should be permitted to obtain the entire Social Security file and to conduct follow-up discovery if necessary. Absent such discovery, it would be impossible for the court to determine the proper weight to be given the Social Security decision, if any. Of course, this discovery may also require Sun Life to propose further additional evidence. Certainly, Plaintiff cannot expect to submit substantial additional evidence to the court and not allow Sun Life to evaluate and respond to that evidence. Again, additional discovery and evidence of this nature would go well beyond the nature of this proceeding as a *de novo* review of the record.

Finally and most importantly, Plaintiff's anticipated additional evidence also goes far beyond the intent of the Ninth Circuit in this case. The Ninth Circuit's remand order limits its suggestion of additional evidence to testimony by expert medical witnesses whose opinions are already in the administrative record. That makes sense, because the "circumstances" cited by the Ninth Circuit as potentially justifying the consideration of additional evidence are the "significant differences and claims of inaccuracy regarding the written statements of the various *evaluators in the administrative record.*" 463 F.3d at 886 (emphasis added). The Ninth Circuit did not even hint that there should be testimony by individuals whose opinions are not already included in the administrative record (including

The Honorable Susan O. Mollway
November 20, 2006
Page 7

individuals whose opinions were not even rendered until after the administrative record was closed) or that there should be testimony or evidence from non-medical personnel. Indeed, the primary concern of the Ninth Circuit appears to be that this court should have the chance to view the doctors on whose opinions the parties relied during the administrative process so that the court can better determine the weight to be accorded to their respective opinions.

### IV.   Conclusion

Sun Life may have additional arguments following review of Plaintiff's opening letter brief. However, at this time, it is the position of Sun Life that if the court decides to consider evidence beyond the administrative record, the evidence should be limited to testimony by Dr. Ting and Dr. Newman. Any additional evidence would be contrary to the nature of this ERISA judicial review proceeding, which is primarily a *de novo* review on the record. Any additional evidence would also be contrary to the intent of the Ninth Circuit in remanding this matter for trial.

Very truly yours,

SCHMIDTKE HOEPPNER CONSULTANTS LLP
Mark E. Schmidtke

ROECA, LOUIE & HIRAOKA,
A Limited Liability Law Partnership, LLP

/s/ Keith K. Hiraoka

Y:\\Mollway.02.kkh.wpd

cc via CM/ECF:   Alan Van Etten

cc via email:   Mark D. DeBofsky
Anne J. Farina
Mark E. Schmidtke