LAW OFFICES

**Daley, DeBofsky & Bryant**

November 20, 2006

55 W Monroe St Ste 2440
Chicago, Illinois 60603

VOICE (312) 372-5200
FAX  (312) 372-2778
WEB  ddbchicago.com

Frederick J. Daley Jr.
Mark D. DeBofsky
David A. Bryant
Marcie E. Goldbloom
James R. Comerford
Barbara H. Borowski
Violet H. Borowski

Of Counsel
Heather F. Aloe

The Honorable Susan Oki Mollway
United States District Court for the
   District of Hawaii
PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai'i, 96850

    RE:    *Feibusch v. Sun Life Assurance Company of America,*
              Civil No.03-00265 (SOM-LEK), United States District Court

Dear Judge Mollway,

      As requested by Judge Kobayashi, this letter brief addresses and requests a ruling on the following two issues: (1) the scope of the upcoming trial and (2) the nature and form (live testimony, depositions, etc.) of the evidence to be presented. In summary, Plaintiff Toni Feibusch ("Feibusch") respectfully submits that the Ninth Circuit Court of Appeals determined the scope of trial in *Feibusch v. Integrated Device Technology Inc. Employee Benefit Plan,* 463 F.3d 880, 886 (9th Cir. 2006) and that additional evidence is necessary for this Court to make an informed *de novo* determination of Ms. Feibusch's entitlement to benefits.

      The Ninth Circuit Court of Appeals framed the scope of the upcoming trial, namely Sun Life must demonstrate that Ms. Feibusch was able to perform ***on a full-time basis*** all of the material and substantial duties of her own occupation in order to terminate her total disability benefits. *Feibusch v. Integrated Device Tech. Inc. Employee Benefit Plan,* 463 F.3d 880, 886 (9th Cir. 2006) (emphasis in original). The court reiterated that "the question would be whether she could work full-time." *Id.*

      Further, because the written evidence in the claim file was contradictory, the Court of Appeals suggested that this Court should consider additional evidence.

      In resolving these discrepancies, it maybe advisable for the court at trial to consider additional evidence and perhaps oral testimony as is permitted in ERISA

cases. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995); *Thomas*, 228 F.3d at 997 (suggesting that admission of additional evidence would be helpful on remand when the credibility of various medical experts is at issue); *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993) (holding that district court did not abuse its discretion in considering live expert medical testimony at ERISA bench trial, when medical issue was complex and when payor on policy was also the plan administrator).

*Id.*

Given the fact that Ms. Feibusch has called into question the credibility and adequacy of many of the consultants retained by Sun Life, as well as the objectivity of Sun Life's own review process, additional evidence appears necessary for this Court to perform an appropriate *de novo* review of Sun Life's decision. *See, e.g., Quesinberry*, 987 F.2d at 1027 (elaborating on factors necessitating additional review, such as (1) concerns regarding the credibility of medical experts and (2) questions regarding impartiality when the payor and administrator are the same entity). In accordance with the Ninth Circuit's suggestion, Ms. Feibusch respectfully believes that the Court would benefit from receiving testimony from the following witnesses:

- Toni Feibusch – Plaintiff. Ms. Feibusch would testify as to her occupational duties and responsibilities, the course of her medical treatment, which has involved four shoulder surgeries, and her restrictions and limitations.
- Ronald Feibusch – Plaintiff's husband. Mr. Feibusch would testify about his personal observations of Ms. Feibusch's limitations.
- Arthur Ting, M.D. – Dr. Ting performed three of the surgeries Ms. Feibusch has undergone and can explain Mrs. Feibusch's medical condition, testify to her restrictions and limitations, identify the objective evidence supporting his opinions, and can also testify as the meaning and contents of his office notes.
- Charles Salzburg, M.D. – Dr. Salzburg was retained by the Social Security Administration to conduct an independent evaluation of the plaintiff. Dr. Salzburg's medical report has already been found admissible in evidence; however, his independent testimony regarding the plaintiff's condition as well as her restrictions and limitations would aid the court in rendering an informed decision.
- Eileen Figueroa, M.A., C.R.C. – Ms. Figueroa is a vocational expert whose opinion was submitted to the Social Security Administration as part of a pending Social Security disability claim.

Ms. Feibusch also believes it is important for this Court to hear a cross-examination of the following individuals:

- Walter Newman, Jr., M.D. – Dr. Newman performed an examination of the plaintiff on behalf of the insurance company.
- Steve Moon, P.T. – conducted functional capacity evaluation.
- Alice Kern – Ms. Kern denied Ms. Feibusch's claim in August 2002.

- Sandra DeCoff – Ms. DeCoff denied Ms. Feibusch's appeal.

Ms. Feibusch also proposes the addition of the following exhibits into evidence so as to the supplement the existing record:

- "Kick it Up a Notch" email written by Steve Bailey (attached-previously submitted. Docket #60, 61). This document, the authenticity of which has been acknowledged by the defendant (Docket #64), clearly suggests a financial motivation to terminate the plaintiff's benefit payments. *See* Fed. R. Evid. 801(d)(2).
- Deposition of Sandra DeCoff taken in *Wilkerson v. Sun Life* (Riffage.com), No. C-03-04926 RMW (N.D.Cal. San Jose Div.)-discussing the "Kick it Up a Notch" memo. *See* Fed. R. Evid. 801(d)(2).
- Social Security decision rendered by Administrative Law Judge Henry Tai dated December 14, 2005, finding plaintiff incapable of performing her regular occupation. *See* Fed. R. Evid. 803(8).
- Report of Eileen Figueroa dated 2/14/06, which was submitted to the Social Security Appeals Council.

In the event that this Court is disinclined to hear live testimony, Ms. Feibusch requests, at a minimum, the opportunity to conduct cross-examination in the form of depositions and the ability to submit written exhibits. Should an oral hearing be necessary to discuss the nature and form of evidence to be submitted, Plaintiff would appreciate the opportunity to elaborate on her position.

Thank you for your time and attention to this matter.

Very truly yours,

Mark D. DeBofsky

MDD/ns
Encl.
cc:   Keith K. Hiraoka, Esq.
      Mark E. Schmidtke, Esq.
      Robert D. Harris, Esq.