IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TONI FEIBUSCH, | ) | CIVIL NO. 03-00265 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER RE: EVIDENCE AT TRIAL |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRATED DEVICE TECHNOLOGY, INC., EMPLOYEE BENEFIT PLAN, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER RE: EVIDENCE AT TRIAL

Toni Feibusch was an administrative assistant/technical writer for Integrated Device Technology ("IDT"). Feibusch applied for and received long-term disability benefits under IDT's employee benefit plan's insurance policy issued by Sun Life Assurance Company of Canada. On or about August 2, 2002, Sun Life stopped paying benefits. When Feibusch's administrative appeal of the termination of benefits failed, she filed the present Complaint. This court granted summary judgment in favor of Sun Life. On appeal, the Ninth Circuit reversed and remanded the matter for a de novo determination of whether "Feibusch was able to perform *on a full-time basis* all of the material and substantial duties of her own occupation." Feibusch v. Integrated Device Tech., Inc. Employee Benefit Plan, 463 F.3d 880, 886 (9th Cir. 2006). The Ninth Circuit then suggested that, on remand, this court should consider not only the administrative

record, but also "additional evidence and perhaps oral testimony as is permitted in ERISA cases." Id.  The parties have filed letter briefs regarding what additional evidence and oral testimony this court should receive at the nonjury trial.

In Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938 (9th Cir. 1995), the Ninth Circuit discussed the scope of a de novo review when a district court reviews a plan administrator's benefits decision.  The Ninth Circuit stated that "new evidence may be considered under certain circumstances to enable the full exercise of informed and independent judgment." Id. at 943.  The Ninth Circuit quoted the Fourth Circuit with approval, stating that a district court has discretion to allow such evidence, but that the "district court should exercise its discretion . . . only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." Id. at 943-44.  In Thomas v. Oregon Fruit Products Company, 228 F.3d 991, 997 (9th Cir. 2000), the Ninth Circuit explained that additional evidence may be necessary to conduct an adequate de novo review of a benefit decision when the credibility of physicians is at issue.

The present case involves conflicting medical opinions as to whether Feibusch could perform on a full-time basis all of the material and substantial duties of her own occupation.

Dr. Walter S. Newman, for example, opined that Feibusch was "capable of performing her own occupation as an administrative assistant and technical writer." See Independent Medical Examination (Nov. 5, 2002) (attached to Stipulated Record at 286-290). Dr. Arthur Ting, on the other hand, opined that Feibusch was not capable of working. See Attending Physician's Statement by Arthur Ting, M.D. (July 2, 2001) (attached to Stipulated Record at 685-86); Attending Physician's Statement (July 2, 2001) (attached to Stipulated Record at 644-45) (stating that Feibusch was severely limited in her functional capacity and "incapable of minimum (sedentary) activity").

Given the conflicting medical opinions in the record, the court rules that additional evidence is necessary to conduct an adequate de novo review of Sun Life's benefit decision because the credibility of the medical opinions is at issue. See Thomas, 228 F.3d at 997. The court therefore exercises its discretion and will allow evidence at the nonjury trial that was not presented in the administrative appeals process. The court will allow the parties to present live evidence by doctors and other medical professionals concerning their opinions presented in the administrative appeals process.

In addition to live evidence from medical professionals, Feibusch asks to present testimony by herself, her husband, the person who denied her disability benefits appeal,

3

and medical experts who examined her in connection with a subsequent social security disability benefits appeal. The court declines to allow such testimony at the currently scheduled nonjury hearing. If the court determines that such testimony is necessary after receiving evidence from the medical professionals who formed opinions about the nature and severity of Feibusch's alleged disability, the court may request that additional evidence at a later time.

Feibusch also proposes to introduce evidence regarding Sun Life's financial motivation to terminate her disability benefits, as well as the decision by an administrative law judge denying her request for social security benefits (based, in part, on evidence outside of the relevant time period). Because that evidence is not relevant to whether Feibusch could perform on a full-time basis all of the material and substantial duties of her own occupation, the court declines to allow that evidence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 17, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Feibusch v. Integrated Device Tech., Civil No. 03-00265 SOM/LEK; ORDER RE: EVIDENCE AT TRIAL