DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

ALAN VAN ETTEN - ave@hawaiilawyer.com
ROBERT D. HARRIS - rdh@hawaiilawyer.com
1600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
http://www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile: (808) 533-2242

MARK D. DEBOFSKY - mdebofsky@ddbchicago.com
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TONI FEIBUSCH, | ) | CIVIL NO.: 03 00265 SOM LEK |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S PRETRIAL |
| | ) | STATEMENT; CERTIFICATE |
| v. | ) | OF SERVICE |
| | ) | |
| INTEGRATED DEVICE | ) | |
| TECHNOLOGY, INC. EMPLOYEE | ) | |
| BENEFIT PLAN and SUN LIFE | ) | |
| ASSURANCE COMPANY OF | ) | |
| CANADA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF TONI FEIBUSCH'S PRETRIAL STATEMENT

Plaintiff, TONI FEIBUSCH ("Feibusch"), through her attorneys Damon Key Leong Kupchak Hastert, ALAN VAN ETTEN, ROBERT D. HARRIS, and MARK D. DE BOFSKY, files her Pretrial Statement, pursuant to Local Rule 16.6 and this Court's Rule 16 Scheduling Order.

I.  INTRODUCTION

This case involves a long-term disability policy, issued by Sun Life Assurance Company of Canada ("SunLife"), for the benefit of employees of Integrated Device Technology ("IDT"). This case is before this Honorable Court on remand from the Ninth Circuit Court of Appeals - 463 F.3d 880 (9th Cir. 2006). Feibusch seeks to recover all past-due long-term disability benefits, as well as continued payment of benefits.

II.  PRETRIAL STATEMENT

   A.  Party.

   This statement is filed on behalf of Plaintiff, TONI FEIBUSCH.

   B.  Jurisdiction and Venue.

   Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to

hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan ("Plan") administered by SunLife for the benefit of employees of IDT. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States. Venue is proper in the District of Hawaii. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

The Court of Appeals has determined that the *de novo* standard of review applies to this action and that a trial is to be held.

C. Substance of Action.

This is a claim seeking restoration of group long-term disability income benefits and life insurance benefits under a waiver of premium pursuant to the Sun Life policy. The claim is brought under ERISA, 29 U.S.C. §1132(a)(1)(B). Ms. Feibusch also seeks attorneys' fees in accordance with 29 U.S.C. §1332(g). The parties concur that the court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and (f) and 28 U.S.C. §1331.

D. Undisputed Facts.

In a prior summary judgment ruling, the parties filed the required Concise Statement of Facts, many of which have been admitted by the parties.

See, Docket #35, #43. The parties also stipulated to the insurance claim record and a complete copy of that record was filed as Docket #32-33.

  E. <u>Disputed Factual Issues</u>.

  The ultimate factual issue in dispute is whether Toni Feibusch has consistently met the policy's definition of "totally disabled" and whether Sun Life terminated benefits in August 2002 in violation of the terms and conditions of the policy. The Plan defines "totally disabled" as "the Employee, because of Injury or Sickness, is unable to perform all of the material and substantial duties of his own occupation." So long as the employee remains unable to perform all of the material and substantial duties of her own occupation, the policy specifies that benefits continue until "the Employee is able to perform on a full-time basis all of the material and substantial duties of [her] own occupation, even if the Employee chooses not to work." (emphasis added). Although there are policy provisions relating to "partial disability," they only apply if the insured is actually working. Toni Feibusch has not worked since she made several efforts to return to work on a part-time basis following each of her shoulder surgeries; and on account of her condition, Feibusch ceased work altogether in January 2001.

F.  **Relief Prayed.**

Feibusch seeks a judgment in the amount of $285,264, plus pre-judgment interest at the Hawaii statutory rate of 15%, pursuant to H.S.R. §431:12-108, from February 1, 2004, until judgment is entered, plus an award of its attorneys' fees and costs incurred in obtaining said judgment, as well as such other and further relief as the Court may grant. A calculation of the judgment demand is itemized below and represents benefits increasing by 4% annually.

| Period | Amount |
|---|---|
| 8/02 - 2/03 | $ 30,786.00 |
| 3/03 - 2/04 | $ 54,888.00 |
| 3/04 - 2/05 | $ 57,084.00 |
| 3/05 - 2/06 | $ 59,364.00 |
| 3/06 - 2/07 | $ 61,739.00 |
| 3/07 - 6/07 | <u>$ 21,403.00</u> |
| Total Due Benefits | $285,264.00 |

G.  **Points of Law.**

1.  **Standard of Review.**

The Ninth Circuit ruled in this case that the appropriate standard of review is de novo since the policy lacks language that unambiguously reserves discretion to determine eligibility to receive benefits.

198044                                    5

2. <u>Scope of Review</u>.

The Ninth Circuit reversed this court's grant of summary judgment and remanded the case for trial based on the existing claim record and other relevant evidence. On January, 17 2007, the court issued a ruling in limine identifying the evidence admissible at trial. Docket #83.

H. <u>Previous Motions</u>.

See, Part G.2 above in relation to the in limine ruling issued by the court.

I. <u>Witnesses to be Called</u>.

Feibusch will call as a witness in her case Dr. Arthur Ting. Dr. Ting's testimony will be presented by video deposition. Dr. Ting performed three surgeries on the plaintiff's shoulder and has consistently certified her disability; i.e., her inability to perform the material duties of her occupation. Dr. Ting will testify as to his care and treatment of the plaintiff, his clinical findings, as well as other objective test findings, his assessment and prognosis of Feibusch's impairments, and his opinions with respect to her ability to work as a technical writer/administrative assistant.

Under the procedures adopted in *Kearney v. Standard Insurance Company*, 175 F.3d 1084 (9th Cir. 1999), all other records and reports in the claim

record will be presented; and plaintiff will make an offer of proof with respect to Dr. Charles Salzburg, a physician who independently examined Feibusch at the request of the Social Security Administration, as well as Eileen Figueroa, a vocational expert who evaluated Feibusch's employability in relation to her Social Security disability claim. Dr. Salzburg found that Ms. Feibusch has no effective use of her right arm, which would preclude her ability to work at her occupation; and he is expected to so testify. Ms. Figueroa has analyzed Ms. Feibusch's condition in light of the medical evidence presented in the record and has determined that she is unable to perform the duties of her occupation or to work at any occupation on a regular and consistent basis due to her functional restrictions and limitations.

J.    Exhibits, Schedules and Summaries.

The insurance company claim record is already in evidence and will be used to demonstrate that Feibusch is disabled in accordance with the terms of the Plan. Feibusch will also introduce the deposition testimony of Dr. Ting. The exhibits are being introduced to show that a) the medical evidence establishes the history and nature of Feibusch's treatment, b) her clinical findings and the restrictions and limitations caused by her medical condition; c) her work restrictions; d) that Sun Life erroneously terminated benefits even though it had

documented that the medical evidence established she continued to meet the policy requirements because she was unable to return to work in her occupation on a full-time basis.

In addition, the court previously ruled that Dr. Salzburg's report is admissible. Docket #39. Feibusch also will make an offer of proof with respect to Eileen Figueroa's report.

K.  Further Discovery or Motions.

Feibusch is unaware of further discovery at this time. However, Feibusch anticipates filing a motion in limine to exclude a Functional Capacity Evaluation performed by Steve Moon, as well as any adverse conclusions drawn from that evaluation. Mr. Moon is not a physician, but rather a physical therapist-assistant. Under the guidelines of the California Physical Therapy Board, performance of a Functional Capacity Evaluation by a physical therapist-assistant exceeds the scope of Mr. Moon's license and should thus be invalidated.

L.  Stipulations.

The parties have stipulated to the authenticity and admissibility of the claim record which includes a copy of the relevant policy of insurance.

M.  <u>Amendments, Dismissals</u>.

None.

N.  <u>Settlement Discussions</u>.

The parties conducted a mediation with a private JAMS mediator shortly after filing this action. The mediation failed and no subsequent settlement discussions have been fruitful.

O.  <u>Agreed Statement</u>.

Other than an agreement as to the claim record, and facts that have been previously admitted as part of the summary judgment proceedings, there are no other agreements.

P.  <u>Bifurcation</u>.

Bifurcation is neither feasible nor desired.

Q.  <u>Master or Magistrate</u>.

The parties have declined referral to the Magistrate Judge.

R.  <u>Appointment and Limitation of Experts</u>.

Not applicable.

S.  <u>Trial</u>.

A non-jury trial is scheduled to commence on June 13, 2007 at 9:00 a.m. before the Honorable Susan Oki Mollway.

T.  <u>Estimate of Trial Time.</u>

One day.

U.  <u>Claims of Privilege or Work Product.</u>

Not applicable.

V.  <u>Miscellaneous.</u>

None at this time.

DATED: Honolulu, Hawaii, April 23, 2007.

        DAMON KEY LEONG KUPCHAK HASTERT

        */s/*

        ALAN VAN ETTEN
        ROBERT D. HARRIS
        MARK D. DE BOFSKY

        Attorneys for Plaintiff
          Toni Feibusch

198044        10