**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

KEITH K. HIRAOKA    3423-0
*khiraoka@rlhlaw.com*
841 Bishop Street, Suite 900
Honolulu, Hawai'i  96813-3917
Telephone: (808) 538-7500

MARK E. SCHMIDTKE *(pro hac vice)*
*mschmidtke@hwelaw.com*
Schmidtke Hoeppner Consultants LLP
103 E. Lincoln Way
P.O. Box 2357
Valparaiso, Indiana  46384
Telephone:  (219)465-7368

Attorneys for Defendant
SUN LIFE ASSURANCE COMPANY OF CANADA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| TONI FEIBUSCH, | ) | **CV 03-00265  SOM  LEK** |
| | ) | |
| Plaintiff, | ) | PRETRIAL STATEMENT; |
| | ) | CERTIFICATE OF SERVICE |
| vs. | ) | |
| | ) | |
| INTEGRATED DEVICE TECHNOLOGY, INC. EMPLOYEE BENEFIT PLAN, *et al.,* | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

# PRETRIAL STATEMENT

Defendant Sun Life Assurance Company of Canada submits its pretrial statement pursuant to LR16.6.

### A. PARTY

This Pretrial Statement is submitted by defendant, Sun Life Assurance Company of Canada pursuant to LR16.6.

### B. JURISDICTION AND VENUE

This Court has jurisdiction of this matter pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C., §1132(e)(1) ("ERISA") and venue is appropriate pursuant to 29 U.S.C. §1132(e)(2).

### C. SUBSTANCE OF ACTION

Plaintiff seeks judicial review of a determination by Sun Life to terminate Plaintiff's long-term disability benefits under an ERISA-governed benefit plan. The applicable judicial review standard is *de novo*, which means that the Court will be required to determine whether Sun Life was correct when it determined that Plaintiff was not entitled to further benefits as of July 31, 2002. The Court has already issued an order dated January 17, 2007, regarding the evidence that will be admitted at a bench trial in this matter. Specifically, the Court has ruled that the evidence will include the administrative record (already filed with this Court in 2004), as well as additional testimony from Plaintiff's treating doctor (Dr. Ting) and the independent medical examiner (Dr. Newman). [Docket #83.]

Shortly after the Court's January 17, 2007 order, the parties scheduled videotape depositions of Drs. Ting and Newman to take place at their

offices in the San Jose, California area on April 12-13, 2007, with the intent of submitting all or part of the videotape deposition testimony to the Court. However, on Monday, April 9, 2007, counsel for Plaintiff informed counsel for Defendant that Dr. Ting's office unilaterally canceled his deposition set for April 12, 2007, on the ground that Dr. Ting had other commitments as a team physician for a professional hockey team. Apparently, the hockey team made it to the playoffs and Dr. Ting's office reported that he would not know when to reschedule the deposition until after the team was out of the playoffs. At that time, the parties also canceled the deposition of Dr. Newman so that the parties would not be required to make two trips to the San Jose, California area for the doctors' depositions. The rescheduling of the deposition of Dr. Newman is pending the rescheduling of the deposition of Dr. Ting. The rescheduling of Dr. Ting's deposition apparently hinges on the success or failure of the hockey team. At this point, the parties are at the mercy of the hockey playoffs which potentially extend into June 2007.

D.  **UNDISPUTED FACTS**

The parties previously filed their Concise Statement of Facts as well as the stipulated policy documents and administrative record. [Docket #31, 32, 33, 43.]

E.  **DISPUTED FACTUAL ISSUES**

The issue, as stated in the Ninth Circuit decision and in this Court's order regarding the evidence to be admitted at trial, is whether Feibusch was able to perform, on a full-time basis, all of the material and substantial duties of her own occupation, when Sun Life terminated disability benefits as of July 31, 2002.

F.  **RELIEF PRAYED**

It is Defendant's understanding that Plaintiff is seeking back benefits, with interest, reinstatement into the long-term disability plan, and attorney fees

and costs. Defendant seeks an award of its costs and attorney fees pursuant to ERISA's fee-shifting provision. 29 U.S.C. §1132(g)(1).

**G.   POINTS OF LAW**

The points of law at issue in this matter were previously briefed. At this time, the standard governing the Court's review is a *de novo* standard such that the Court is required to determine whether Sun Life was correct in terminating plaintiff's benefits. This Court has already ruled on the scope of admissible evidence at trial. [Docket #83.]

**H.   PREVIOUS MOTIONS**

The Court previously ruled on the admissibility of evidence at trial. [Docket #83.]

**I.   WITNESSES TO BE CALLED**

Pursuant to the Court's ruling on the admissibility of evidence at trial, Defendant does not anticipate calling any witnesses except that it will submit the videotape deposition testimony of Dr. Newman. The only other evidence will include the written administrative record previously filed with the Court. [Docket #32, 33.]

**J.   EXHIBITS, SCHEDULES AND SUMMARIES**

The administrative record was already jointly submitted by the parties in 2004. [Docket #32, 33.] Pursuant to the Court's ruling on the admissibility of evidence, Defendant does not anticipate any additional written evidence.

**K.**     **FURTHER DISCOVERY OR MOTIONS**

As discussed above, the parties are attempting to schedule the videotape depositions of Drs. Ting and Newman. Defendant does not anticipate any further discovery except to the extent that Plaintiff prevails in submitting additional evidence. If there is additional evidence, other than the deposition testimony of Drs. Ting and Newman, then Defendant would request discovery and the opportunity to submit responsive evidence.

**L.**     **STIPULATIONS**

See the Joint Stipulation, previously filed of record. [Docket #32, 33.]

**M.**     **AMENDMENTS, DISMISSALS**

Defendant does not anticipate any amendments or dismissals.

**N.**     **SETTLEMENT DISCUSSIONS**

The parties convened in San Francisco, California, for a mediation with a JAMS mediator in October 2003, but the mediation was not successful. The parties convened via telephone with a Ninth Circuit mediator while this matter was pending on appeal, but settlement discussions were not successful. No further settlement discussions have taken place since that time.

**O.**     **AGREED STATEMENT**

Defendant does not anticipate submitting this upon an agreed statement of facts. Rather, the matter will be submitted based on the administrative record, already filed with the Court, videotape deposition testimony of Drs. Ting and Newman, to be submitted in the future, and the parties' briefs.

**P.     BIFURCATION, SEPARATE TRIAL OF ISSUES**

Defendant does not anticipate bifurcation or a separate trial on any specific issues.

**Q.     REFERENCE TO MASTER OR MAGISTRATE JUDGE**

Defendant does not anticipate requesting any reference to a master or magistrate judge.

**R.     APPOINTMENT AND LIMITATION OF EXPERTS**

Defendant does not anticipate any expert testimony other than the testimony of Drs. Ting and Newman, as noted above.

**S.     TRIAL**

This matter is scheduled for a bench trial on June 13, 2007 before United States District Judge Susan Oki Mollway. However, given the limited evidence, an actual trial is not necessary. Defendant suggests that the Court review the administrative record, the videotape deposition testimony of Drs. Ting and Newman, and the briefs of the parties in lieu of the parties' appearance for trial.

**T.     ESTIMATE OF TRIAL TIME**

Defendant contends that no formal trial is necessary given the limited evidence to be admitted in this case.

**U.     CLAIMS OF PRIVILEGE OR WORK PRODUCT**

Defendant is not aware of and does not anticipate any disputes over privilege or work product issues.

V.  **MISCELLANEOUS**

Defendant has no additional matters for the Court at this time.

Dated:  Honolulu, Hawai'i, April 23, 2007.

/s/ Keith K. Hiraoka
KEITH K. HIRAOKA
MARK E. SCHMIDTKE
Attorneys for Defendant
SUN LIFE ASSURANCE COMPANY OF CANADA