DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation
ALAN VAN ETTEN - ave@hawaiilawyer.com
ROBERT D. HARRIS - rdh@hawaiilawyer.com
1600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai`i 96813
http://www.hawaiilawyer.com
Telephone:   (808) 531-8031
Facsimile:   (808) 533-2242

Mark D. DeBofsky – mdebofsky@ddbchicago.com
Daley, DeBofsky & Bryant
1 N. LaSalle St., Suite 3800
Chicago, Illinois 60602
www.ddbchicago.com
Telephone: (312) 372-5200
Facsimile: (312) 372-2778
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TONI FEIBUSCH,<br><br>   Plaintiff,<br><br>v.<br><br>INTEGRATED DEVICE TECHNOLOGY, INC. EMPLOYEE BENEFIT PLAN and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>   Defendants. | CIVIL NO.: 03 00265 SOM LEK<br><br>**PLAINTIFF'S MOTION IN LIMINE; OR, IN THE ALTERNATIVE, TO STRIKE THE REPORT OF STEVE MOON FROM THE RECORD; DECLARATION OF ROBERT D. HARRIS; EXHIBITS "A" – "I"; CERTIFICATE OF SERVICE**<br><br>TRIAL DATE 6/13/07 |

Plaintiff-Appellant, TONI FEIBUSCH ("Feibusch" or "Plaintiff"), by her attorneys, hereby moves this Honorable Court to strike the Report of Steve Moon. In support thereof, movant states:

1. On October 31, 2002, Feibusch underwent a Functional Capacity Evaluation at Sun Life's request performed by Steve Moon, a physical therapy assistant, the results of which are contained in the claim record (Docket # 32, 33) at 0088.

2. The Functional Capacity Evaluation purported to test Feibusch's ability to perform certain physical activities. The results were then extrapolated by Steve Moon using so-called scientific methods to determine Feibusch's ability to perform job functions of an Administrative/Technical Writer.

3. Moon's report was relied on by Sun Life as additional evidence supporting its decision terminating Feibusch's disability benefit payments; and it is anticipated that Sun Life will rely on that report in arguing that Feibusch is capable of working in her occupation on a full time basis as the policy requires.*

---

* The Court of Appeals framed the issue on remand: "[I]n order to terminate total disability benefits Sun Life must show that Feibusch was able to perform *on a full-time basis* all of the material and substantial duties of her own occupation." *Feibusch v. Integrated Device Tech., Inc.*, 463 F.3d 880, 886 (9th Cir. 2006).

2

4. Federal Rule of Evidence 701 states: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are …(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

5. In this matter, the opinion of Steve Moon concerned a functional capacity evaluation, a test used for purportedly determining one's ability to perform certain job functions. As such, it requires scientific knowledge and is subject to Federal Rule of Civil Procedure 702.

6. When determining whether a report is admissible under Fed. R. Evid. 702 there are four factors to consider: (i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect. *United States v. Castaneda,* 94 F.3d 592, 595 (9th Cir. 1996) (citing *United States v. Rahm,* 993 F.2d 1405, 1409 (9th Cir. 1993)).

7. Here, the Functional Capacity Evaluation performed by Steve Moon fails the first, third, and fourth prongs of the test as Moon is not qualified to perform a Functional Capacity Evaluation in the State of California. Moreover, there is no basis upon which to consider Moon's report a valid predictor of Feibusch's ability to perform her occupation.

8.  Plaintiff only recently became aware when she had an appointment with Dr. Ting -- on March 8, 2007 -- that Dr. Ting was suspicious of Mr. Moon's qualification. Following up, plaintiff since learned that Steve Moon has a bachelor of science, but he is not a physical therapist; he is a physical therapy *assistant*. *See,* http://www2.dca.ca.gov/pls/wllpub/WLLQRYNA$LCEV2.QueryView?P_LICENSE_NUMBER=3155&P_LTE_ID=830 (last checked April 24, 2007) (Exhibit "A").

9.  The Physical Therapy Board Regulations require:

> [t]he functional capacity evaluation by its very nature and definition is an evaluation process requiring clinical skills of observation and judgment beyond that of the P[hysical] T[herapist] A[ssistant] and is not a form of treatment. Therefore, the physical therapy FCE can only be performed by an appropriately licensed physical therapist in the clinical setting of physical therapy, and is not subject to delegation to the physical therapist assistant.

*See* Ruling of the Physical Therapy Board of California, "Functional Capacity Evaluations Performed by Physical Therapy Assistants" found online at http://www.ptb.ca.gov/pubs/functional_capacity.pdf (last checked April 24, 2007) (Exhibit "B").

10. As Moon lacks the proper training and credentials to effectively administer a functional capacity evaluation, his report was made as a lay person. Lay persons are not permitted to testify in regard to matters that require specialized

knowledge. *Jerden v. Amstutz,* 2006 U.S. App. LEXIS 686 (9th Cir. 2006) (substitute opinion for 430 F.3d 1231 (9th Cir. 2005)) (Exhibit "C") (reversing the decision of the district court, and holding that a nurse practicioner lacked the specialized knowledge to testify as an expert on the Plaintiff's MRI findings). As the California Physical Therapy Board makes clear, Functional Capacity Evaluations require clinical skills of observation and judgment, specialized knowledge that Physical Therapy Assistants lack. As Steve Moon lacked the specialized knowledge required to conduct a functional capacity evaluation, his report is inadmissible under Fed. R. Evid. 702 and must be stricken from the record.

11. Moreover, numerous reported rulings and professional publications cast doubt on the validity of functional capacity evaluations. In *Stup v. Unum Life Ins. Co. of America,* 390 F.3d 301 (4th Cir. 2004) (Exhibit "D"), the court found that a 2 ½ hour functional capacity evaluation could not predict functionality over an eight hour day or work week. The court also found that the insurer could not reasonably rely on such testing as the basis for denying benefits when all of the other evidence of record conclusively established the claimant's disability. *See also, Ballinger v. Eaton,* 2002 U.S. Dist. LEXIS 14433 (S.D. Iowa 2002) (Exhibit "E") (holding that a functional capacity evaluation cannot outweigh a treating physician's opinion, since FCE's, which are performed by physical therapists or

occupational therapists, do not have the same authority as opinions provided by medical doctors); *Edgerton v. CNA Ins., Co.*, 2002 U.S. Dist. LEXIS 15490 (E.D. Pa. 2002) (Exhibit "F") (functional capacity evaluation could not overcome the opinions of the treating doctor); *Boardman v. Edwards Ctr., Inc. Long Term Disability Plan,* 2004 U.S. Dist. LEXIS 9250 (D. Ore. 2004) (Exhibit "G") (FCE results cannot outweigh opinion of long-time treating doctor); *Migliaro v. IBM Long-Term Disability Plan,* 2002 U.S. Dist. LEXIS 21805 (M.D. Fla. 2002) (Exhibit "H") (FCE not "objective evidence"); King, et al., "A Critical Review of Functional Capacity Evaluations," *Physical Therapy* 1998; 78:852-866 (questioning scientific validity of FCE testing) (Exhibit "I").

12.   Raising even more doubts about the FCE report, the examiner found that "Ms. Feibusch did not demonstrate the ability to meet the following specified job demands: Fingering (L) and Fingering (R)." (R.35, ER 0236-37). This test required Feibusch to repetitively move a set of pegs from one position to another on a board with the intent to simulate keyboard activity. Nonetheless, Moon inexplicably concluded that the plaintiff could meet her job demands which required keyboarding (fingering) for 90% of the day according to Sandra Shuster, who evaluated Feibusch's job for Sun Life. (R.35, ER 0202-0204).

WHEREFORE, for all of the foregoing reasons, plaintiff hereby requests that the Court issue an order *in limine* excluding Steve Moon's report or, in the

alternative, striking the Functional Capacity Evaluation performed by Steve Moon and submitted by Defendant in this matter.

DATED: Honolulu, Hawaii, April 24, 2007.

DAMON KEY LEONG KUPCHAK HASTERT
and
DALEY, DEBOFSKY & BRYANT

_____
ALAN VAN ETTEN
ROBERT D. HARRIS
MARK D. DE BOFSKY

Attorneys for Plaintiff
  Toni Feibusch