STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY         ARNOLD SCHWARZENEGGER, Governor



**PHYSICAL THERAPY BOARD OF CALIFORNIA**
1418 HOWE AVENUE, SUITE 16, SACRAMENTO, CA 95825-3204
TELEPHONE (916) 561-8200  FAX (916) 263-2560
INTERNET http://www.ptb.ca.gov



## CERTIFICATION

I, Steven K. Hartzell, Executive Officer of the Physical Therapy Board of California, Department of Consumer Affairs, State of California, hereby attest that the document to which this certificate is attached is the true and correct copy from the Physical Therapy Board of California.

_____
Steven K. Hartzell
Executive Officer

_____4/12/07_____
Date

Board Seal

EXHIBIT "B"

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                   ARNOLD SCHWARZENEGGER, Governor



### PHYSICAL THERAPY BOARD OF CALIFORNIA
1418 HOWE AVENUE, SUITE 16, SACRAMENTO, CA 95825-3204
TELEPHONE (916) 561-8200 FAX (916) 263-2560
INTERNET http://www.ptb.ca.gov



## FUNCTIONAL CAPACITY EVALUATIONS PERFORMED BY PHYSICAL THERAPIST ASSISTANTS

*Can a physical therapist assistant perform a functional capacity evaluation?*

The Physical Therapy Board of California (Board) has concluded that only a physical therapist may perform a physical therapy functional capacity evaluation (FCE). This conclusion means that a physical therapist assistant may NOT perform a physical therapy FCE. The basis for that conclusion follows.

The Board has received numerous inquiries asking if a physical therapist assistant (PTA) may perform a FCE. In reviewing the inquiries the Board has found that the individuals submitting the inquiries have a different understanding of what is meant by the term FCE. The first task that the Board must complete in responding to any letter is determining the specifics of what is being asked, not just the terminology that is used to ask the question.

Some of the inquiries that the Board has received indicate that unlicensed individuals such as athletic trainers and kinesiotherapists are performing FCEs, and therefore question the Board's conclusion that a physical therapist assistant, who is licensed, may not perform a FCE. The Board's jurisdiction is limited to the practice of physical therapy. Consequently, the determination that a physical therapy FCE must be performed by a physical therapist would not limit who may perform a non physical therapy FCE. To define the difference between a physical therapy and non physical therapy FCE the Board researched published definitions and the Business and Professions Code.

Matheson has defined functional capacity evaluation as: A systematic process of measuring and developing an individuals capacity to dependably sustain performance in response to broadly defined work demands. He further states that a functional capacity evaluation denotes a form of work evaluation that consists of a battery of tests which focus on selected work tolerances. Work tolerances are the observed and measured physical capabilities of the evaluee that affect competence to perform the physical demands of work tasks. Summarily, an evaluation is a systematic approach to monitoring and reporting performance and includes observation, measurement, reasoning, and judgment.

Matheson describes the concept of maximum voluntary effort by the evaluee. Given the maximum voluntary effort assumption, when the measurement of function is less than a necessary level, the evaluator must be able to determine to what degree this is a function of the biomechanical, cardiovascular, or metabolic limits inherent in the evaluee and the evaluee's own voluntary limits.
There are machines and high tech devices, which declare their accuracy in determining functional capacity. Isernhagen states, only the human medical examiner is currently able to look at entire body motions and incorporate safety, kinesiology, metabolic changes, psychomotor and affective behavior, all in one comprehensive evaluation. Therefore, while machines and equipment could be used to test certain portions of strength or endurance, the total functional work activities must be done by skilled professional evaluators.

Both Isernhagen and Matheson recognize the importance of safety to the evaluee in the FCE. Because the FCE requires that the evaluee put forth maximum voluntary effort for each defined task, the evaluator must be ready to recognize when the maximum safe function has been achieved. The evaluation of an already-disabled person requires more than the usual degree of care and professional acumen and the rigorous adherence to procedures that are accepted standards of community practice. Maximum function is determined by observing physical efforts at low levels, medium levels, and high levels of activity. The client who is reaching a maximum does so gradually. It is possible for the evaluator to see initial early signs of fatigue, decreased coordination, and change in body mechanics. The evaluator is then primed to recognize when maximum safe function has occurred. At a maximum level of functioning, there will be accessory muscle involvement, change in body mechanics to become more efficient, fatigue patterns, and the beginning of dysfunctional movement changes in weight bearing and balance. Maximum function is defined as the greatest safe ability of a client, either in repetitions or weight capacities.

Section 2052 of the Business and Professions Code provides that only a physician and surgeon may treat any disease, illness, injury, etc. of the human body unless another statute authorizes the provision of health care. The Physical Therapy Practice Act provides that authority for physical therapists, physical therapist assistants and physical therapy aides.

Review of the Physical Therapy Practice Act and regulations bears out that the physical therapist evaluates the patient and then may assign elements of the treatment plan to the physical therapist assistant commensurate with their qualifications, including experience, education and training. The functional capacity evaluation by its very nature and definition is an evaluation process requiring clinical skills of observation and judgment beyond that of the PTA and is not a form of treatment. Therefore, the physical therapy FCE can only be performed by the appropriately licensed physical therapist in the clinical setting of physical therapy, and is not subject to delegation to the physical therapist assistant. This would not preclude components of data collection from being delegated to the PTA. An unlicensed individual who performs a physical therapy FCE would be in violation of the Business and Professions Code.

A FCE that merely determines if an individual may perform at a pre-determined level, such as is common in pre-employment FCEs, annual reviews and qualifying for participation in athletic events, and does not require the determination as to why the level was not obtained, would be examples of non physical therapy FCEs. The Board is not aware of any statutory prohibition of non-licensed individuals performing this type of FCE. A person who is licensed as a physical therapist assistant could also perform this type of FCE, however they may not represent that they are performing the FCE in the capacity of a physical therapist assistant.

## Bibliography

Isernhagen, S., Isernhagen Work Systems, Functional Capacities Evaluation Manual

Matheson, L., EPIC Lift Capacity Evaluation Handbook

*Adopted by the Physical Therapy Board of California on August 3, 2001*

Note: This document is not a declaratory opinion of the Physical Therapy Board of California.

# PHYSICAL THERAPY BOARD OF CALIFORNIA

**Licensee Name:** MOON STEVE F
**License Type:** Physical Therapist Assistant
**License Number:** 3155
**License Status:** VALID
**Expiration Date:** February 28, 2009
**Issue Date:** September 15, 1993
**County:** CONTRA COSTA
**Actions:** No

## Related Licenses/Registrations/Permits

No records returned

## Citation(s) Issued and/or Disciplinary Action(s)

No records returned

This information is updated Monday through Friday - Last updated: APR-18-2007

*Disclaimer*
*All information provided by the Department of Consumer Affairs on this web page, and on its other web pages and internet sites, is made available to provide immediate access for the convenience of interested persons. While the Department believes the information to be reliable, human or mechanical error remains a possibility, as does delay in the posting or updating of information. Therefore, the Department makes no guarantee as to the accuracy, completeness, timeliness, currency, or correct sequencing of the information. Neither the Department, nor any of the sources of the information, shall be responsible for any errors or omissions, or for the use or results obtained from the use of this information. Other specific cautionary notices may be included on other web pages maintained by the Department. All access to and use of this web page and any other web page or internet site of the Department is governed by the Disclaimers and Conditions for Access and Use as set forth at California Department of Consumer Affairs' Disclaimer Information and Use Information.*

[Back]